FILED
OCT 0 6 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

FOR THE WESTERN DISTRICT OF
TEXAS SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTIN WAYNE PEACOCK,<br>Plaintiff, | § § § | CASE NO. 5:15-CV-0901-OLG |
| V. | § § § | |
| PERFORMANCE PRESSURE<br>PUMPING SERVICES, LLC,<br>Defendant | § § § § § § § | JURY DEMANDED |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment. Docket no. 21. Defendant has failed to respond. Further, Defendant is a corporate entity that is unrepresented by counsel since November 14, 2016. Docket no. 18. Defendant has failed to retain counsel, despite this Court's orders. Docket no. 23.

It is a well-settled rule of law that a corporation cannot appear in federal court unless it is represented by a licensed attorney. *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir.2004). "[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *See id.* Among other things, the court may properly strike the defenses of a corporate defendant or enter a default judgment. *Henderson v. Fenwick Protective Inc.,* 2015 WL 3439166, at *2 (N.D.Tex. May 28, 2015) (Lynn, J.); *See also See PalWeb Corp. v. Vimonta AG,* No. 3:00–cv–1388–P, 2003 WL 21992488, at *1 (N.D.Tex.Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and

1

finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina,* Civ. A. No. 08–3258, 2009 WL 424326, at *1 (S.D.Tex.Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default."). Indeed, Rule 55(c) reads: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." This demonstrates that a district court has the discretion to decline to enter a default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

The Court has considered lesser sanctions, but finds that sanctions short of striking Defendant's answer would not serve the interests of justice or advance the disposition of this case on the merits. The Court warned Defendant that it may face default, and that its pleadings could be struck if it did not obtain replacement counsel. Docket no. 23. Nonetheless, Defendant failed to respond to the show cause order and has not retained legal representation. As a result, sanctions should be imposed under Rule 16(f) of the Federal Rules of Civil Procedure. Defendant's pleadings are hereby stricken .*Gonzales v. HT&T Architects, Inc.,* No. 3-98-CV-0190-BDH, 1998 WL 574381, at *2 (N.D. Tex. Aug. 31, 1998).

Further, based on the record in this case, including the evidence submitted in support of Plaintiff's for Default Judgment, and the relevant authority, the Court finds that Defendant has failed to hire counsel and cannot defend this action. Plaintiff is therefore entitled to a default judgment against Defendant. *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir.1989) (observing that a default judgment is appropriate when a party has abandoned the case and "the adversary process has been halted because of the essentially unresponsive party"). Plaintiff's Motion for Default Judgment is GRANTED.

The Clerk of Court is directed, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against Defendant. The Clerk of Court is further directed to serve a copy of this Order on Defendant via certified mail, return receipt requested.

It is so ORDERED.

SIGNED this 6 day of October, 2017.

ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE